**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Rafael CHAVEZ–PACHECO, aka Rafael Pacheco Chavez, aka J. Rafael Chavez–Pacheco, aka Rafael Chavez–Pacheco, Defendant–Appellant.**

**No. 13–10485.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 19, 2014.

Filed Feb. 20, 2015.

Louis Charles Uhl, U.S. Attorneys Office, Yuma, AZ, for Plaintiff–Appellee.

Daniel Robert Drake, Drake Law, PLC, Phoenix, AZ, for Defendant–Appellant.

Before: KLEINFELD and WARDLAW, Circuit Judges, and KENNELLY, District Judge.*

MEMORANDUM **

Jose Rafael Chavez–Pacheco ("Chavez") appeals the district court's imposition of a twenty-four month sentence following his plea of guilty to unlawful reentry in violation of 8 U.S.C. § 1326. We affirm.

1. The district court correctly determined that assault with a deadly weapon under California Penal Code § 245(a)(1) is categorically a "crime of violence" under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii). *United States v. Grajeda,* 581 F.3d 1186, 1197 (9th Cir. 2009). Contrary to Chavez's contention,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the mens rea requirement for § 245(a)(1), as relevant here, was the same at the time of his 1989 conviction and the time of the 1996 conviction analyzed in *Grajeda*. At both times, California Penal Code § 245(a)(1) required proof that the defendant willfully committed an act that by its nature would probably and directly result in injury to another. *See People v. Colantuono*, 7 Cal.4th 206, 26 Cal.Rptr.2d 908, 865 P.2d 704, 709 (1994); *People v. Rocha*, 3 Cal.3d 893, 92 Cal.Rptr. 172, 479 P.2d 372, 376–77 (1971).

2. Chavez's contention that *Grajeda* was abrogated by *Ceron v. Holder*, 747 F.3d 773 (9th Cir.2014) (en banc), also lacks merit. We recently held that *Ceron* did not abrogate *Grajeda* because in *Ceron* we addressed whether a conviction under § 245(a)(1) is categorically a crime of moral turpitude, as opposed to a crime of violence. *United States v. Jimenez–Arzate*, 776 F.3d 662 (9th Cir.2015).

3. Chavez also contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the information was deficient because it failed to include the prior conviction used to enhance his statutory maximum sentence under 8 U.S.C. § 1326(b)(1). Chavez's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi* did not overrule *Almendarez–Torres*. *See United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.